UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER GORDEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 14-cv-1040 |
| v. ) | |
| ) | |
| UNION PACIFIC RAILROAD COMPANY ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

For his cause of action against defendant Union Pacific Railroad Company, plaintiff states and alleges as follows:

1. This action is based upon and brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et sequitur*.

2. Plaintiff Christopher Gorden resides at 6345 U.S. 24 Highway, Perry, Jefferson County, Kansas.

3. Defendant Union Pacific Railroad Company ("UPRR") is a Delaware corporation with its principle place of business at 1400 Douglas Street, Stop 1660, Omaha, Nebraska 68179.

4. Defendant Union Pacific Railroad Company ("Union Pacific") is a Delaware corporation registered to do business in the state of Kansas, and may be served at the address of its registered agent, The Corporation Company, 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

5. Defendant is, and was at all times relevant herein, a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

6. At all times relevant to the allegations herein, UPRR maintained a fully staffed and operational office in the state of Kansas, located at 2645 New York Avenue, Wichita, Kansas 67219.

7. Plaintiff's cause of action arose in the state of Kansas.

8. This Court has personal jurisdiction over defendant by reason of defendant's residence and contacts within this judicial district, and has subject manner jurisdiction pursuant to 45 U.S.C. § 56.

9. Venue before this Court is proper in the District of Kansas pursuant to 28 U.S.C. 1391(b) and 1391(c).

10. On or about February 23, 2011, and at all times relevant hereto, plaintiff was employed by and engaged in interstate commerce with defendant Union Pacific. Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce.

11. Plaintiff's injury occurred on February 23, 2011, while plaintiff was employed by and acting in the course and scope of his duties as a switchman for defendant Union Pacific.

12. On February 23, 2011 during the course of plaintiff's employment as a switchman, he was assigned to perform switching operations in the east end of Union Pacific's Topeka Yard after sundown.

13. Plaintiff's injury occurred when he walked from the Tie 2 switch to the Tie 3 switch.

14. Prior to plaintiff's injury, defendant replaced the ballast in the walkway adjacent to the Tie 2 track.

15. The ballast defendant removed from the walkway beside the Tie 2 track prior to plaintiff's injury was Ballast Class 2 as defined by Union Pacific Railroad Engineering Standards.

16. Union Pacific Railroad Engineering Standards require Class 2 ballast to be used along yard track.

17. The ballast defendant added to the walkway beside the Tie 2 track prior to plaintiff's injury was Ballast Class 1 as defined by Union Pacific Railroad Engineering Standards.

18. Class 1 ballast is larger than Class 2 ballast and is intended for use along mainline track.

19. Defendant's track maintenance standards require that ballast must be tamped after it is laid along track and walkways.

20. The purpose of tamping the ballast is to make the ballast stable.

21. Defendant did not tamp the ballast it added to the walkway beside the Tie 2 track prior to plaintiff's injury.

22. Prior to plaintiff's injury, defendant was notified by an employee that the walkway beside the Tie 2 track was in unsafe condition.

23. Plaintiff's injuries occurred when he walked over the Class 1 ballast in the walkway adjacent to Tie 2 track.

24. As plaintiff walked over the Class 1 ballast, his right ankle rolled and his right knee buckled, causing him to fall and hit his face on a rail car before landing face down next to the track. As a result, plaintiff sustained severe, painful and disabling injuries hereinafter described.

25. Plaintiff's aforesaid injuries were caused, in whole or in part, by the negligence of defendant Union Pacific in the following respects, to wit:

(a) Defendant negligently failed to provide plaintiff with a reasonably safe place and conditions for work in the following respects:

   i. Defendant failed to provide adequate lighting in plaintiff's work area;

   ii. Defendant failed to inspect and maintain walkways in plaintiff's work area;

   iii. Defendant put Class 1 track in the walkway adjacent to yard track.

   iv. Defendant failed to follow its track maintenance standards.

   v. Defendant failed to follow its engineering instructions.

   vi. The walkway in plaintiff's work area was comprised of rocks that were too large to provide a safe walking surface;

   vii. Defendant failed to properly spread and tamp the ballast rock along the walkway in plaintiff's work area;

   viii. Defendant failed to follow the accepted practices of the rail industry for the construction and maintenance of the walkway in plaintiff's work area;

   ix. Defendant failed to take any corrective action when complaints were made regarding the condition of the walkway in plaintiff's work area prior to plaintiff's injury;

(b) Defendant negligently failed to take reasonably adequate precautionary steps to protect plaintiff from reasonably foreseeable danger;

(c) Defendant negligently failed to warn plaintiff of the unsafe conditions that existed in the area plaintiff was required to work; and

(d) Any other negligent acts or omissions which may be discovered during the prosecution of this action.

26. Defendant knew or by the exercise of reasonable care, should have known, that injury to employees of defendant, including plaintiff, was a foreseeable result of the negligent acts and omissions set forth in Paragraph 25 herein.

27. As a direct and proximate result of the acts and omissions alleged herein, plaintiff suffered the following severe, permanent, and disabling injuries:

(a) Injury to face, including contusions and abrasions;

(b) Injury to head, including concussion;

(c) Injury to eyes and vision;

(d) Neurological injury; and

(e) Psychological injury.

28. As a direct and proximate result of the acts and omissions alleged herein, plaintiff has undergone extensive medical treatment, and has incurred damages, including but not limited to the following:

(a) Past wage and benefit loss;

(b) Future loss of wage- and benefit-earning capacity;

(c) Past and future medical expenses

(d) Past and future loss of household services;

(e) Physical pain;

(f) Emotional distress and suffering;

(g) Reduced quality of life and loss of enjoyment of its pleasures.

WHEREFORE, plaintiff prays that he be awarded general and special damages in excess of $75,000 to compensate him for damages sustained as a result of defendant Union Pacific Railroad's negligence, for attorneys' fees and costs expended herein, for prejudgment and post-judgment interest, and for any other relief, both special and general to which plaintiff may be justly entitled.

Plaintiff hereby demands a trial by jury. Pursuant to Local Rule 40.2, plaintiff hereby requests that the trial of this matter be held in Wichita, Kansas.

Respectfully submitted,

HOLTSCLAW FIRM

*/s/ Rick D. Holtsclaw*

Rick D. Holtsclaw, KS #70662
2029 Wyandotte, Suite 100
Kansas City, Missouri 64108
Telephone: (816) 221-2555
Facsimile: (816) 221-2508
rick@holtsclawfirm.com

ATTORNEY FOR PLAINTIFF